UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SMITH, | : | |
| Petitioner | : | No. 1:17-CV-00427 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| COMMONWEALTH OF PENNSYVANIA, | : | |
| et al., | : | |
| Respondents | : | |

## MEMORANDUM

### Background

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on March 8, 2017, by Charles E. Smith, a state pretrial detainee, confined at the Dauphin County Prison, Harrisburg, Pennsylvania. (Doc. No. 1.) Along with the petition Smith filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. GOVERNING § 2254 CASES R. 4.[1]

On or about July 6, 2016, Smith was arrested and detained by the Harrisburg Police Department on felony drug charges, including drug delivery resulting in death. (Doc. No. 1.) The charges were returned and Smith was bound over to the Court of Common Pleas of

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Dauphin County for trial. Commonwealth of Pennsylvania v. Charles Smith, CP-22-CR-0005603-2016.[2] Bail was set at "$10,000/10 percent" and Smith is presently detained because he was unable to post $1000 representing the 10%. (Doc. 1, at 18.) The docket of the Court of Common Pleas of Dauphin County reveals that Smith was formally arraigned on an Information filed by the Commonwealth of Pennsylvania charging him with drug delivery resulting in death and delivery of drugs on November 18, 2016 and he was scheduled to appear at a plea hearing on December 27, 2016, before President Judge Richard A. Lewis of the Court of Common Pleas of Dauphin County. That hearing was continued twice and was scheduled for April 11, 2017. On April 13, 2017, President Judge Lewis issued an order scheduling a hearing for May 5, 2017 on all outstanding matters. Furthermore, on February 6, 2016, President Judge Lewis issued an order denying Smith's motion for nominal bail pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure. The state court docket does not reveal that Smith sought appellate review of that order.

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub.

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of the criminal case pending against Smith in the Court of Common Pleas of Dauphin County. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances,[3] Younger abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an

---

3. Even when all requirements are met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Wood has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010)(quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

Smith makes a vague argument that the state criminal charges violate his rights under the United States Constitution. He requests that he be released from custody because the facts of the case do not support the charges. Smith is raising issues regarding the propriety of his arrest which should first be addressed by the state courts. It is clear that Smith claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.[4]

---

4. Furthermore, a state prisoner must exhaust all available state judicial remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. Sections 2254(b) and (c).
(continued...)

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

4. (...continued)
Neither an intractable jurisdictional prerequisite nor "a mere formality, . . . [the exhaustion requirement] serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). Exhaustion also "protect[s] the state court's role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). In light of the fact that criminal proceedings are still pending in state court, it is clear that Smith has not exhausted all of his state court remedies.

ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order will be entered.