IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SMITH, | : | |
|     Petitioner | : | |
| | : | No. 1:17-cv-00427 |
| v. | : | |
| | : | (Judge Kane) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
|     Respondent | : | |

## MEMORANDUM

Presently before the Court is Petitioner's motion for reconsideration (Doc. No. 8), of this Court's April 28, 2017 Memorandum and Order dismissing Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. Nos. 6, 7.) For the reasons that follow, Petitioner's motion for reconsideration will be denied.

## I. BACKGROUND

The Court previously summarized the background of this case in its April 28, 2017 Memorandum (Doc. No. 6), as follows:

> Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on March 8, 2017, by Charles E. Smith, a state pretrial detainee, confined at the Dauphin County Prison, Harrisburg, Pennsylvania. (Doc. No. 1.) . . . The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4.
>
> On or about July 6, 2016, Smith was arrested and detained by the Harrisburg Police Department on felony drug charges, including drug delivery resulting in death. (Doc. No. 1.) The charges were returned and Smith was bound over to the Court of Common Pleas of Dauphin County for trial. Commonwealth of Pennsylvania v. Charles Smith, CP-22-CR-0005603-2016. Bail was set at "$10,000/10 percent" and Smith is presently detained because he was unable to post $1000 representing the 10%. (Doc. No. 1, at 18.) The docket of the Court of Common Pleas of Dauphin County reveals that Smith was formally arraigned on an Information filed by the Commonwealth of Pennsylvania charging him with drug delivery resulting in death and delivery of drugs on

> November 18, 2016, before President Judge Richard A. Lewis of the Court of Common Pleas of Dauphin County. That hearing was continued twice and was scheduled for April 11, 2017. On April 13, 2017, President Judge Lewis issued an order scheduling a hearing for May 5, 2017 on all outstanding matters. Furthermore, on February 6, 2016, President Judge Lewis issued an order denying Smith's motion for nominal bail pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure. The state court docket does not reveal that Smith sought appellate review of that order.

(Doc. No. 6 at 1-2) (footnotes omitted).

In his instant motion for reconsideration, Petitioner argues that this Court has misconstrued his petition by relying on a Court of Common Pleas case number CP-22-CR-3690-2016, which Petitioner argues has nothing to do with his instant petition concerning Dauphin County Court of Common Pleas case number CP-22-CR-5603-2016. (Doc. No. 8 at 2.) Specifically, Petitioner contends that the "$10,000-10%" bond was for case number CP-22-CR-3690-2016, a separate matter in which Petitioner is a Defendant, and not for case number CP-22-CR-5603-2016, which Petitioner argues is the case relevant to his instant habeas petition. (Id.) Petitioner avers that he never raised a bail issue in the instant petition, but rather, raised issues concerning his pre-trial constitutional rights, including: (1) the failure of the Commonwealth to list the acts associated with the accused on the Criminal Complaint; (2) the failure of the Commonwealth to show and prove an Affidavit of Probable Cause; and (3) the failure of the trial court to allow Petitioner to call witnesses during his preliminary hearing. (Id. at 2-3.) Petitioner contends that because this Court rested its decision on an issue that was not raised in his petition, he is entitled to reconsideration of his petition. (Id. at 4.)

## II. LEGAL STANDARD

A motion for reconsideration under Rule 59(e) is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone

Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.   DISCUSSION

The Court first addresses the statutory framework in which Petitioner filed his instant habeas corpus petition. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (providing that federal courts have a duty to "look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory

framework.") Petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) However, petitioner is a pre-trial detainee, currently detained at the Dauphin County Prison, awaiting trial. (Doc. Nos. 1, 8 at 1.) "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 19075). Nevertheless, federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue a writ of habeas corpus before a judgment is rendered in a state criminal proceeding.[1] Id. at 441-42. Moreover, while exhaustion of state remedies is statutorily mandated only in post-trial situations, see 28 U.S.C. § 2254(b), an exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed through decisional law. Moore, 515 F.2d at 442 ("[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."). Additionally, a petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." Id. at 443. Accordingly, the Court construes Petitioner's habeas petition as one filed pursuant to 28 U.S.C. § 2241, rather than § 2254. See Dixon v. Larson, Civ. No. 15-00449, 2015 WL 1471263, at *1 (M.D. Pa. Mar. 30, 2015).

Next, it appears that Petitioner seeks reconsideration on the grounds that this Court misunderstood his position as articulated in his habeas petition. (Doc. No. 8 at 1-4.) Specifically, Petitioner argues that the "$10,000-10%" bond issue related to Dauphin County Court of Common Pleas case number CP-22-CR-3690-2016, has "absolutely nothing . . . to do

---

[1] It is apparent from the instant petition and Petitioner's state court docket that he is a pretrial detainee and is therefore not in custody pursuant to a state court judgment. See Commonwealth v. Smith, CP-22-CR-0005603-2016. As such, Petitioner cannot proceed pursuant to § 2254, but rather, may proceed via § 2241 before a judgment is entered in a state criminal proceeding. See Smith v. Pa. State Att'y. Gen., Civ. No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011).

with" case number CP-22-CR-5603-2016, which Petitioner contends is the case relevant to his instant habeas petition. (Doc. No. 8 at 2-3.) Despite this contention, Petitioner argues on the first page of his motion for reconsideration that he was being held on "$10[,]000/10% bail on [Dauphin County Court of Common Pleas docket number CP-22-CR-5603-2016] and then his bail was increased to "$500,000," which Petitioner argues violated his rights. (Id. at 1-2.)

While it is difficult to follow Petitioner's argument related to this issue, the Court concludes that regardless, Petitioner's argument is unavailing. The Court did not dismiss Petitioner's habeas petition on the basis of a misunderstanding or misapprehension of a bail issue in an unrelated case. (See Doc. No. 6.) Rather, the petition was dismissed pursuant to the doctrine of Younger v. Harris, 401 U.S. 37 (1971). (See Doc. No. 6, 7). Younger and its progeny established that federal courts should refrain from intervening in state criminal proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979). Federal courts should abstain when three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005). When criminal proceedings are pending against a petitioner, "the need for a federal court to stay its hand" is at its highest. Evans v. Ct. of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

Under the factual circumstances presented, the Court concluded in its April 28, 2017 Memorandum and Order that it was appropriate to abstain from entertaining the petition, "as abstention is required out of deference to the integrity of the state judicial process." (Doc. No. 6 at 4.) The Court reaches the same conclusion in reconsidering Petitioner's motion. First,

Petitioner has not yet proceeded to criminal trial for his felony drug charges, including drug delivery resulting in death. See Commonwealth v. Smith, CP-22-CR-5603-2016. Thus, because his criminal trial remains pending, Petitioner has an ongoing criminal proceeding that is judicial in nature in Pennsylvania state court, and therefore satisfies the first prong of Younger. Id. Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. Younger, 401 U.S. at 45-46; see also Wallace v. Keen, Civ. No. 12-1366, 2012 WL 5197948, at *4 (M.D. Oct. 19, 2012). Finally, Petitioner has the opportunity to raise his constitutional claims in the context of his state criminal proceedings in state court at the trial stage and during any appellate proceedings. See Wallace, 2012 WL 5197948, at *4; see also Moore, 515 F.3d at 445 (providing that adequate state court review remains available to petitioner "at trial and thereafter, on appellate review"); Lazaridis v. Wehmer, 591 F.3d 666, 671 (3d Cir. 2010) (providing that Younger only requires "an opportunity to present federal claims in a state proceeding," and that the burden rests on the plaintiff "to show that state procedural law barred presentation of [his] claims") (quoting Juidice v. Vail, 430 U.S. 327, 337 (1997) and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987)).

Additionally, as set forth in this Court's April 28, 2017 Memorandum dismissing Petitioner's habeas petition, Petitioner has not made a showing that that Younger abstention is inappropriate because: (1) the ongoing state proceedings are undertaken in bad faith; (2) such proceedings are meant to harass him; or (3) some extraordinary circumstance exists that would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. (See Doc. No. 6 at 3 n.3); see also Wallace, 2012 WL 5197948, at *4; Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003). Although Petitioner vaguely claims that his petition presents extraordinary circumstances meriting federal habeas review

(Doc. No. 8 at 2), "[i]t does not appear from the record that [Petitioner has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith . . ." Younger, 401 U.S. at 47 (quoting Douglas v. Jeannette, 319 U.S. 157, 164 (1943)). Accordingly, the Court concludes that it properly exercised its discretion to abstain from entertaining Petitioner's habeas petition in light of a pending state criminal proceeding.

Consequently, because Petitioner's instant motion for reconsideration does not identify an intervening change in controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice, Petitioner's motion for reconsideration will be denied.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration (Doc. No. 8), is denied. An appropriate Order follows.